## 53728. MOREY et al. v. RICHARDSON.

BELL, Chief Judge.

In this personal injury suit the single issue is whether there was excess coverage under an automobile liability policy issued to defendant by the intervenor, Georgia Farm Bureau Mutual Insurance Company. The case was tried on stipulated facts by the court. On January 31, 1975, plaintiff was injured in a collision with defendant who was driving a 1970 Chevrolet pick-up truck. At the time of the collision two automobile policies issued by the insurer to the defendant were in effect. Policy one insured a 1970 Buick LeSabre which was originally issued "on or shortly" after the purchase of the Buick by defendant on July 24, 1970. Policy two insured the 1970 pick-up and was issued "on or shortly" after its purchase by defendant on February 5, 1971. The insurer insured all private passenger, farm and utility automobiles owned by defendant at the time of purchase of the truck. The two policies were renewed semi-annually. The parties also stipulated that plaintiff had been paid $10,000, the policy limit, under the policy insuring the truck, leaving only the issue of additional coverage on the Buick policy. The trial court made findings of fact and conclusions of law which in effect hold that the policy insuring the Buick also covered the truck at the time of collision and a judgment was entered in favor of plaintiff for an additional $10,000, the limit under the Buick policy. *Held:*

The policy provided liability coverage arising out of the use of an owned automobile. The term "owned automobile" was defined in part: ". . . (c) a private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period, provided, (1) it replaces an owned automobile as defined in (a) above, or (2) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period of such acquisitions." As the truck did not replace an owned automobile, paragraph (c)(1) does not apply. Paragraph (c)(2) very plainly has no application either.

By its express terms it concerns only an automobile acquired by the defendant *during the policy period.* This truck was acquired in February, 1971, nearly four years prior to the date of the collision. While the stipulation of the parties does not clearly set forth the "policy period" of the Buick in force at the time of the collision in January, 1975, it was stipulated that the Buick policy was renewed semi-annually. From this fact of semi-annual renewal, it is obvious that the truck purchased in February, 1971 was not a vehicle acquired "during the policy period" in effect at the time of the collision in January, 1975. This provision is designed generally to afford automatic coverage to an insured when he acquires an additional vehicle but only during the policy period of the existing insurance contract and of course if the required notice is given to the insurer. The parties both cite *Gorling v. Allstate Ins. Co.,* 125 Ga. App. 497 (188 SE2d 128) which is distinguishable on its facts. In *Gorling* the policy period of the insurance contract was July, 1968 to July, 1969 and during the policy period in September, 1968 an additional vehicle was acquired by the insured and we held there was automatic excess coverage during the policy period under a policy provision identical in meaning. The trial court erred in entering a judgment for plaintiff.

*Judgment reversed. McMurray and Smith, JJ., concur.*

SUBMITTED APRIL 4, 1977 — DECIDED JUNE 15, 1977 — REHEARING DENIED JULY 7, 1977 —

*Young, Young, Ellerbee & Clyatt, F. Thomas Young,* for appellants.

*Alexander, Vann & Lilly, Charles S. Watt, III,* for appellee.